# In the United States District Court
# for the
# Western District of Texas

| | | |
|---|---|---|
| LYNN MELUGIN | § | |
| | § | |
| v. | § | SA-09-CV-120-XR |
| | § | |
| MICHAEL J. ASTRUE | § | |

**ORDER**

On this day came on to be considered the Report and Recommendation of the United States Magistrate Judge (docket no. 18) and Plaintiff's Objections thereto (docket no. 20). After careful consideration, the Court will not accept the recommendation and remands this case to the Commissioner of the Social Security Administration.

**Background**

Plaintiff applied for SSI on December 13, 2005, alleging that he was disabled because of depression and anxiety.[1] An ALJ issued a decision on April 8, 2008 concluding that Plaintiff was not disabled. Plaintiff filed this suit after the Appeals Council declined to review his case.

**Standard of Review**

The Court reviews de novo those portions of the Report and

---

[1] Plaintiff also alleged that he was disabled because of a variety of physical ailments. Plaintiff does not contest the ALJ's consideration of his physical impairments.

Recommendation to which objection is made. See 28 U.S.C. § 636(b)(1). Such a review means that the Court will examine the entire record and will make an independent assessment of the law. However, in examining the Commissioner's decision denying disability insurance benefits, the Court is limited to a determination of whether substantial evidence supports the decision and whether the Commissioner applied the proper legal standards in evaluating the evidence. *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir. 1995).

"Substantial evidence is more then a scintilla, less then a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021-1022 (5th Cir. 1990). When substantial evidence supports the Commissioner's findings, they are conclusive and must be affirmed. *Martinez*, 64 F.3d at 173. Four elements are weighed by the Court in determining whether the Commissioner's decision is based on substantial evidence: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work experience. *Id*. at 174. While a de novo review may result in the Court reaching a different ultimate conclusion, conflicts in the evidence are to be resolved by the Commissioner. *Id*.

## Plaintiff's Objections

Plaintiff complains that the ALJ erred in applying the appropriate legal standard by excluding portions of his medical history in violation of 20 C.F.R. §

404.1520a(e)(2).[2] Plaintiff also complains that the ALJ failed to accept a treating physician's opinion over that of the staff reviewing doctor's assessment.

## Analysis

Plaintiff complains that the ALJ "cherry picked[3]" from the Plaintiff's medical history and omitted that in 2005 Plaintiff's Global Assessment of Functioning or GAF[4] scores ranged from 35 to 45 (indicating serious symptoms of suicidal ideation and serious impairment in social, occupational or school functioning). An independent medical examiner (Lewis H. Richmond, M.D.) gave the Plaintiff a GAF of 45-50 on April 20, 2006. Dr. Richmond also opined that Plaintiff's "persistence and pace are impaired by the claimant's emotional and physical disorders."[5] Plaintiff was diagnosed on Axis I as suffering from schizoaffective disorder and panic disorder with agoraphobia. On Axis IV, Dr.

---

[2] "The decision must show the significant history, including examination and laboratory findings, and the functional limitations that were considered in reaching a conclusion about the severity of the mental impairment(s). The decision must include a specific finding as to the degree of limitation in each of the functional areas described in paragraph(c) of this section."

[3] As indicated below, although this Court agrees with Plaintiff that a remand is proper in this case, Plaintiff's counsel is cautioned that in her zealous advocacy she makes borderline disrespectful comments about the ALJ and Magistrate Judge in her briefing. Disrespectful comments should be avoided in the future.

[4] GAF is a standardized measure of psychological, social, and occupational functioning used in assessing a patient's mental health. *See Boyd v. Apfel*, 239 F.3d 698, 700 n. 2 (5th Cir. 2001). The GAF scale ranges from 100, denoting superior functioning, to 1, indicating that the patient is in persistent danger of severely hurting herself or others, has a persistent inability to maintain minimal personal hygiene, or has engaged in a serious suicidal act with a clear expectation of death. A GAF Score in the range of 41 to 50 represents "[s]erious symptoms" (e.g., suicidal ideation, severe obsessional rituals, frequent shoplifting) OR any serious impairment in social, occupational, or school functioning (e.g., no friends, unable to keep a job). *Brown v. Barnhart*, 285 F. Supp.2d 919, 924 n. 7 (S.D. Tex. 2003), citing American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders at 32 (4th ed.1994).

[5] Tr. 173.

Richmond opined that Plaintiff's disabilities were severe to extreme. His prognosis was "guarded" because of the "chronicity, severity and current quality of symptoms and appears to depend on outcome to ongoing treatment. However, it appears that his condition may remain chronic."[6]

In Plaintiff's mental residual functional capacity assessment performed by Charles McDonald, Ph.D. on May 15, 2006, it was noted that Plaintiff had "markedly limited" ability to understand and remember detailed instructions and a "markedly limited" ability to carry out detailed instructions. It was noted that with respect to maintaining attention and concentration for extended periods, getting along with co-workers, and completing a normal workday, Plaintiff was moderately limited.[7]

The above notwithstanding, the ALJ concluded that "the objective evidence, the claimant's longitudinal treatment history, the balance of medical source opinion, and the claimant's daily activities do not support a conclusion that he is unable to sustain work...."[8] The ALJ found that the claimant's psychiatric symptoms were amenable to control with medication therapy provided the claimant complies with treatment and abstains from substance

---

[6] Tr. 174. A psychological report dated February 5, 2008 also opines that Plaintiff suffers from major depressive disorders with psychotic features and a diminished ability to think or concentrate. These symptoms are causing a marked impairment in his overall functioning. The medical professionals opine that Plaintiff "will likely need support throughout much of his life." Tr. 402.

[7] Tr. 190-191.

[8] Tr. 12.

4

abuse."[9] With regard to Plaintiff's condition in December 2005, the ALJ concluded that once Plaintiff was placed on "proper medications for his diagnoses, his symptoms quickly improved."[10] The ALJ attributed Plaintiff's GAF score of 55 to Plaintiff's medication regimen.[11] The ALJ acknowledged that Plaintiff's GAF score dropped in April 2006 when Dr. Richmond examined Plaintiff. The ALJ, however, gave this score little weight "as it was inconsistent with the findings and opinions contained in Dr. Richmond's examination report, the findings and opinions contained in the claimant's CHCS treatment records, and the claimant's testimony regarding his daily activities, all of which suggest he experiences, overall, no more than moderate symptoms and limitations due to any mental impairment."[12] However, the ALJ failed to note that a February 15, 2007 CHCS mental health diagnosis form indicated Plaintiff's GAF score was 45 (serious symptoms).[13] Although Mark McGrath, M.D. opined that Plaintiff was permanently disabled because of his depression[14], the ALJ incorrectly noted that "no treating physician has specifically opined that the claimant is disabled from all work activity...."[15]

---

[9] Id.

[10] Id.

[11] Id.

[12] Id.

[13] Tr. 345.

[14] Tr. 404.

[15] Tr. 14.

5

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. As stated above, the court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez*, 64 F.3d at 174. The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id*. However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced. *Smith v. Chater*, 962 F. Supp. 980, 984 (N.D. Tex. 1997).

Plaintiff contends that the ALJ failed to apply the special psychiatric review technique set forth in 20 C.F.R. § 404.1520a in evaluating the severity of his various psychiatric ailments. Under this regulation, the ALJ must first evaluate symptoms, signs, and laboratory findings to determine whether the claimant has a medically determinable mental impairment. *Id*. § 404.1520a(b)(1). If such an impairment exists, the ALJ must rate the degree of functional limitation resulting from the impairment in four categories deemed essential to work: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, and pace; and (4) episodes of decompensation. *Id*. § 404.1520a(c)(3).

After rating the functional limitation resulting from the mental impairment, the ALJ determines whether the impairment is "severe" or "not severe" given the degree of functional loss found in the four enumerated categories. *Id.* at § 404.1520a(d)(1). If the impairment is considered "severe," the ALJ must determine whether the impairment meets or is equivalent in severity to a listed mental disorder. *Id.* § 404.1520a(d)(2). If the claimant has a severe mental impairment that neither meets nor medically equals a listed impairment, the ALJ must assess the claimant's residual functional capacity. *Id.* § 404.1520a(d)(3). *See also Pelham v. Astrue*, No. 4-07-CV-641-Y, 2008 WL 4062079 at *4 (N.D. Tex. Aug.25, 2008) (describing steps in psychiatric review technique).

The regulations also require the ALJ to document application of the psychiatric review technique in the written decision. The decision must include a specific finding as to the degree of limitation in each of the functional areas described in 20 C.F.R. § 404.1520a(c). Where a non-frivolous claim of mental impairment exists, the ALJ's failure to follow the psychiatric review technique and make the required findings constitutes legal error and requires remand.[16] *Satterwhite v. Barnhart*, 44 Fed. Appx. 652, 2002 WL 1396957 at *2 (5th Cir. June 6, 2002).

In this case, the record clearly establishes that plaintiff has a medically

---

[16] The Court does note that there may be times when failure to complete the special technique will not be automatic reversible error. But in this case, Plaintiff has demonstrated prejudice.

7

determinable mental impairment. Plaintiff began experiencing auditory hallucinations in 1990 and has been diagnosed with and treated for various psychiatric illnesses. On various occasions, mental health professionals measured plaintiff's GAF at between 35 and 50 - scores that indicate a serious impairment in social, occupational, or school functioning, including the inability to keep a job. However, the ALJ gave minimal discussion to the psychiatric review technique in the hearing decision. Nor did the ALJ rate the degree of functional limitation resulting from plaintiff's various psychiatric illnesses. Such failure to comply with the requirements of section 404.1520a or otherwise conduct an equivalent evaluation constitutes reversible error and requires remand. *Satterwhite*, 2002 WL1396957 at *2 (ALJ's failure to evaluate mental impairment according to procedures described in section 404.1520a requires remand); *Skidis v. Comm'r of Social Security Admin.*, No. 3-08-CV-2181-N, 2009 WL 3199232 at *10 n. 4 (N.D. Tex. Oct.2, 2009) (same); *Morris v. Barnhart*, No. SA-05-CA-1019-XR/NN, 2007 WL 496851 at *5 (W.D. Tex. Feb.7, 2007) (same).

Even if it were to be accepted that the ALJ performed the required review (as the Magistrate Judge found), the ALJ omitted portions of the Plaintiff's medical history. In addition, the ALJ's ratings that Plaintiff can perform minimal self-care activities and spell "horse" forward and backward cannot without greater explanation[17] result in the wholesale rejection of the Plaintiff's

---

[17] The Magistrate Judge correctly noted that the the ALJ was not bound by the findings made by the various psychiatrists, but as noted above, if the ALJ was going to not accept the psychiatrists' opinions, the ALJ is bound to fully and fairly develop the medical evidence and then explain his rejection.

treating physician and the remaining medical evidence.

The Fifth Circuit has held that generally "a treating physician's opinion on the nature and severity of a patient's impairment will be given controlling weight if it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with ... other substantial evidence. Although the treating physician's opinion and diagnosis should be afforded considerable weight in determining disability, 'the ALJ has sole responsibility for determining a claimant's disability status.' '[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion.' Good cause may exist to allow an ALJ to discount the weight of evidence of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." *Newton v. Afpel*, 209 F.3d 448, 456 (5th Cir. 2000) (internal citations omitted).

In order for an ALJ to properly afford lesser weight to the medical opinions of a treating physician, he must "perform a detailed analysis of the treating physician's views...." *Id*. at 453. In this case, if a detailed analysis occurred, the ALJ failed to take in account all of the medical evidence before him.

## CONCLUSION

The Magistrate Judge Report and Recommendation is not accepted, and this action is remanded to the ALJ for further consideration and analysis in accordance with this opinion. The Clerk is instructed to issue a final judgment

9

in accordance with this order.

It is so ORDERED.

SIGNED this 2nd day of February, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE